IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LEE PURNHAGEN, PARENT AND GUARDIAN, ON BEHALF OF MASON PURNHAGEN | ) ) ) |
| Plaintiffs, | ) Case No. 5:25-cv-00083 ) ) |
| v. | ) ) |
| HARRISONBURG CITY SCHOOL BOARD, | ) ) ) |
| Defendant. | ) ) |

**PROPOSED JOINT RULE 26(f) DISCOVERY PLAN**

Plaintiff Lee Purnhagen and Defendant Harrisonburg City School Board (collectively, the "Parties"), by counsel, after conferring as required by Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Order dated December 22, 2025, submit the following proposed Joint Rule 26(f) Discovery Plan.

**I.      ADMINISTRATIVE RECORD**

The Parties respectfully request that the Court propose arrangements for receiving the administrative record of the proceedings below as requested in the Complaint and required by 34 C.F.R. § 300.516. *See* Compl. Prayer for Relief (requesting that "this Court receive the records of the administrative proceedings"); 34 C.F.R. § 300.516 (providing that in appeals under the Individuals with Disabilities Education Act ("IDEA") a district court "receives the records of the administrative proceedings"). The Parties agree that the administrative record should be made part of this Court's record and included in the record transmitted to the United States Court of Appeals

for the Fourth Circuit in any subsequent appeal. Absent instructions to the contrary, the Parties will contact the Clerk within thirty days to coordinate submission of the administrative record.

**II.    SETTLEMENT DISCUSSIONS**

The Parties represent to the Court that they conferred regarding settlement in June 2025, following the Hearing Officer's decision below on May 21, 2025. No further settlement discussions have taken place as of the time of filing the Rule 26(f) Report. If the Parties believe a settlement conference with the magistrate judge will be fruitful, they will request a date for a settlement conference. The Parties will also participate in any court ordered settlement conference.

**III.   DISCOVERY**

**A.     Discovery Schedule.**

| Item | Deadline |
| --- | --- |
| Fed. R. Civ. P. 26(f) Conference | January 5, 2026 |
| Initial disclosures | The Parties are exempt from initial disclosures under Rule 26(a)(1)(B)(i), because this case involves review of an administrative record.[1] |
| Plaintiff's initial expert disclosure, except for any disclosure related to the reasonableness or amount of attorneys' fees and costs the Plaintiff may be awarded | 40 days after the Court issues a ruling on Defendant's dispositive motion (ECF No. 9) |
| Defendant's initial expert disclosure, except for any disclosure related to the reasonableness or amount of attorneys' fees and costs the Plaintiff may be awarded | 40 days after service of Plaintiff's initial expert disclosure |
| Midstream Status Report | April 28, 2026 |

---

[1] *See, e.g.*, *Jeffrey W. as Next Friends of Z.W. v. Schertz-Cibolo-Universal City Indep. Sch. Dist.*, No. SA-21-CV-0636-JKP, 2022 WL 1608013, at *1 (W.D. Tex. May 20, 2022) (explaining appeal from due process hearing "is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B)").

| Item | Deadline |
|---|---|
| Deadline to complete discovery, except for discovery related to the reasonableness or amount of any attorneys' fees or costs the Plaintiff may be awarded | August 17, 2026 |
| Deadline to complete discovery related to the reasonableness or amount of any attorneys' fees the Plaintiff may be awarded | 60 days after a decision finding the Plaintiff is a prevailing party under the IDEA |
| Status Conference (virtual) | To be determined by the Court |
| Deadline to file dispositive motions | September 15, 2026 |

**B.** **Scope of Discovery.** The Parties agree that the administrative record is adequate to decide the questions of law presented by the Complaint. The Parties do not anticipate that discovery will be needed on any issue, except the reasonableness or amount of attorneys' fees or costs the Plaintiff may be eligible for under the IDEA. The Parties do not intend to engage in discovery related to attorneys' fees or costs, unless the Court first finds that the Plaintiff is a prevailing party under the IDEA. Any discovery on this issue should be complete within 60 days of the Court's decision regarding which party is the prevailing party. The Parties further agree that, following an opportunity to present evidence and argument related to attorneys' fees or costs, the Court may decide issues relating to such fees or costs, and that a jury should not decide any issues concerning fees or costs.

**C.** **Discovery Material Obtained by Subpoena.** The Parties agree to exchange within six (6) business days of receipt all discovery material obtained from a subpoena duces tecum in the same format as it was received from the third party.

**D.** **Limitation on Discovery.** The Parties incorporate the limitations on discovery contained in this Court's December 22, 2025 Scheduling Order.

E.  **Disclosure or Discovery of Electronically Stored Information.** The Parties agree that disclosure or discovery of electronically stored information may, initially, be provided in hard copy or .pdf format, with Bates labels to assist the parties in an ability to identify documents in depositions and trial, except that spreadsheets, databases, or other documents that do not convert well to .pdf format also shall be produced simultaneously in native form. In addition, the producing party shall maintain any other electronically stored information in the format in which it exists at the time the request for discovery was made. After an opportunity to review a party's initial production, any party may request the production of additional electronically stored information (including metadata) in its native format, in accordance with and subject to the limitations set forth in Rule 26(b)(2) of the Federal Rules of Civil Procedure.

F.  **Preserving Discoverable Information.** Counsel for the Parties have informed their respective clients of the obligation to preserve discoverable information during the pendency of this litigation.

G.  **Claims of Privilege or Protection of Trial Preparation Materials.** Pursuant to Federal Rule of Civil Procedure 26(f)(3)(D), the Parties agree to abide by Federal Rule of Civil Procedure 26(b)(5) when asserting and responding to a claim of privilege. The Parties further agree that it is not necessary to include in the privilege log privileged communications between, on the one hand, (a) counsel of record in this litigation and, on the other hand, (b) the Parties with whom such counsel had an attorney-client relationship at the time of the communication provided that such communications were not disclosed beyond those with an attorney-client relationship and constituted confidential communications created for the purpose of seeking legal advice. The Parties further agree that claims of privilege that apply to documents or information created after

March 13, 2025, the date on which Plaintiff filed his Due Process complaint with the Virginia Department of Education, need not be logged.

With respect to other documents or information to which a claim of privilege applies, the Parties agree to make a good-faith effort to provide a privilege log within fourteen (14) calendar days of service of responses to document requests, provided such log is provided no later than the discovery cutoff date, with the specific understanding that the production of documents themselves may be done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs may be expected.

**H.** **Discovery of Expert-Related Materials.** The Parties agree that notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall not be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any facts, data, or assumptions upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product and do not need to be identified on a privilege log.

**IV.** **PROTECTIVE ORDER**

The Parties agree to provide a Stipulated Protective Order to the Court in the event that confidential personnel, medical, educational records entitled to protection under state or federal law, proprietary or other personal information is disclosed in discovery.

V.  **OTHER MATTERS**

A.  **Service of Discovery.** The Parties consent to service of discovery notices, requests, responses, and document productions by electronic means only, with a deadline of 11:59 p.m. for responses to discovery.

B.  **Trial before a Magistrate Judge.** The Parties do not request nor consent to trial by a magistrate judge.

C.  **Appearance at the Rule 26(f) Conference.** While the Parties appeared at the Rule 26(f) Conference on January 2, 2026, should the Court determine, upon reviewing the Parties' Joint Rule 26(f) Discovery Plan, that this matter is appropriate for resolution on the papers, the parties do not object to the Court's handling of the matter on the papers rather than through an in-person appearance. Should the court wish to convene the Parties, counsel request to appear remotely.

Dated: January 6, 2026                                       Respectfully Submitted,

/s/ Keith Altman
Keith Altman, Esq., (*pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

/s/ Parker Bowman
Parker Bowman (VSB No. 100389)
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
parker@binnall.com

*Attorneys for Plaintiff*

*/s/ Elaine McCafferty (with permission)*
Elaine D. McCafferty (VSB No. 92395)
WOODS ROGERS VANDEVENTER BLACK PLC
120 Garrett St., Suite 304
Charlottesville, VA 22902
Telephone No. (434) 220-6833
Facsimile No. (540) 983-7711
Elaine.mccafferty@woodsrogers.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of record.

                                              */s/ Parker Bowman*
                                              Parker Bowman (VSB No. 100389)